Lewis "Toby" TYLER, Plaintiff,

v.

CITY OF MANHATTAN, Defendant.

Civ. A. No. 93–4030–DES.

United States District Court,
D. Kansas.

Sept. 12, 1994.

See also 857 F.Supp. 800..

Larry J. Leatherman, Palmer & Lowry, Topeka, KS, for plaintiff.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, William L. Frost, Morrison, Frost and Olsen, Manhattan, KS, Kurt A. Level, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's response to this court's August 16, 1994, Order to Show Cause (Doc. 67). By its order, the court instructed defendant to provide "any authority by which this court may now consider defendant's claim of undue burden" as it relates to the installation of curb ramps pursuant to the Americans With Disabilities Act ("ADA").

Defendant first raised the issue of undue burden in its Brief in Support of its Motion for Clarification or Amendment or in the Alternative New Trial (Doc. 69). Defendant did not plead nor prove at trial that installation of curb ramps, in accordance with the regulations and by the date required by the regulations, no later than three years from January 26, 1992, or by January 26, 1995, would result in an undue burden on the city.

In its Order to Show Cause, the court said it was aware of no authority which would allow defendant to raise, for the first time in post-trial proceedings, an argument which was an affirmative defense and which should have been raised at trial. Because defendant has provided no authority, the court declines to disturb its prior order and must deny defendant's Motion for Clarification Or Amendment Or in the Alternative New Trial.

The court comments on defendant's response only because of its dearth of legal authority and its consistent evasion of the truth of the events herein question.

Throughout the response, defendant refers to the "court imposed deadline of January 26, 1995", and that "[d]efendant was never put on notice that January 26, 1995 was the deadline for all curb ramp installations", and that "[u]ntil the 'plan' of curb ramp installation with the January 26, 1995 date in effect was issued by the Judge, the City did not believe the law required such completion date." Such statements are at best misleading and at worst patently false.

From its inception, the ADA and the accompanying regulations have required the installation of curb ramps, in accordance with the regulation specifications, no later than three years from January 26, 1992. The court did not, therefore, magically or mystically on its own, decide that the January 26, 1995, date was the deadline for curb ramp installation. The City of Manhattan has known for nearly four years that curb ramps must be scheduled for, and installed by, January 26, 1995. To argue otherwise is disingenuous and seriously stretches credulity.

The City further argues that because the plaintiff did not plead the January 26, 1995, date, the City was somehow relieved of its burden to schedule and install the curb ramps by that time. The City obviously fails to recognize an affirmative duty. Nowhere in the ADA is there any intimation that curb ramps will only be installed by January 26, 1995, if a plaintiff challenges the law and pleads the case. Under the City's reasoning, no structural changes would be made absent a challenge. The court cannot, by any reasonable construction of the law, conclude that entities covered by the ADA are exempt from implementation of the Act until they are challenged by an individual to whom the Act applies. Such an interpretation is not only legally naive, but would be ludicrous in its result.

The court also finds somewhat mystifying the City's statement that "[t]he City agreed at trial that it had a curb ramp schedule which complied with the Regulation." The court, specifically found at page 15, ¶ 49, that the City had not adopted a schedule for the installation of curb ramps.

Furthermore, the City has provided no formal Justice Department documentation to support its theory that curb ramp installation need not be completed by January 26, 1995. The City's continued reliance on an isolated statement at a training event and the opinion of one individual at the Great Plains Technical Assistance Center does not persuade the court of the correctness of the City's position.

Finally, the court dismisses the City's contention that it could not plead nor prove undue burden prior to this court's Memorandum and Order imposing the January 26, 1995, deadline for curb ramp installation. The deadline was imposed when the regulations were made public in 1991, not when this court issued its Memorandum and Order.

The City had four years in which to familiarize itself with the regulations and the requirements therein. A thorough study at that time should have placed the City on notice that the schedule of curb ramp installation might impose an undue burden in terms of monetary and staff resources. The City exhibits little candor when it claims the burdens could not be ascertained and were not known prior to this Court's Memorandum and Order.

In sum, the City has provided no genuine reason why it did not plead and prove undue burden at trial. In addition, no authority has been cited which would allow the court to entertain a second opportunity for the City of Manhattan to be heard on this issue.[1]

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion For Clarification Or Amendment Or In The Alternative New Trial (Doc. 69) is denied.

---

1. Defendant's due process argument is baseless. Due process requires notice and an opportunity for hearing. Defendant had a trial before the bench in this matter. To argue lack of notice and opportunity under these circumstances is pointless.